ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

FEB - 8 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ▒▒▒▒ DIVISION

VTran Media Technologies, LLC,  §
      Plaintiff, §
       §
v. §
       §
       §
       §
Cox Communications, Inc. §
      Defendant. §

Civil Action No.

**1:08-CV-0471**

**JURY TRIAL DEMANDED**

**RWS**

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff VTran Media Technologies, LLC ("Plaintiff" or "VTran"), by and through its undersigned counsel, files this Original Complaint against Cox Communications, Inc. ("Defendant" or "Cox") as follows:

### NATURE OF THE ACTION

1.    This is a patent infringement action to stop Defendant's infringement of VTran's United States Patent No. 4,890,320 entitled "Television Broadcast System for Selective Transmission of Viewer-Chosen Programs at Viewer-Requested Times" ("the '320 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 4,995,078 entitled "Television Broadcast System for Selective Transmission of Viewer-Chosen Programs at Viewer-Requested Times" ("the '078 patent"; a copy of which is attached hereto as Exhibit B). VTran is the assignee of the '320 patent and the '078 patent. VTran seeks injunctive relief and monetary damages.

### PARTIES

2.    Plaintiff VTran Media Technologies, LLC is a limited liability company organized and existing under the laws of the State of Texas. VTran maintains its principal place

of business at 104 E. Houston Street, Suite 140, Marshall, Texas 75670. VTran is the assignee of all rights, title, and interest in and to the '320 patent and the '078 patent, including the right to sue for infringement and recover past damages.

3.      Upon information and belief, Defendant Cox Communications, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1400 Lake Hearn Drive NE, Atlanta Georgia 30319.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over the Defendant because: Defendant has minimum contacts within the State of Georgia and the Northern District of Georgia; Defendant has purposefully availed itself of the privileges of conducting business in the State of Georgia and in the Northern District of Georgia; Defendant has sought protection and benefit from the laws of the State of Georgia; Defendant regularly conducts business within the State of Georgia and within the Northern District of Georgia; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Georgia and in the Northern District of Georgia.

6.      More specifically, the Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Georgia, and the Northern District of Georgia. Upon information and belief, the Defendant, through its respective video-on-demand service, has committed patent infringement in the State of Georgia and in the Northern District of Georgia, has contributed to patent

2

infringement in the State of Georgia and in the Northern District of Georgia, and/or has induced others to commit patent infringement in the State of Georgia and in the Northern District of Georgia. Defendant's video-on-demand service solicits customers in the State of Georgia and in the Northern District of Georgia. Defendant has many paying subscribers who are residents of the State of Georgia and the Northern District of Georgia and who each use Defendant's video-on-demand service in the State of Georgia and in the Northern District of Georgia.

       7.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b), by virtue of the fact that Defendant has its principal place of business in this District.

### COUNT I – PATENT INFRINGEMENT OF THE '320 PATENT

       8.     VTran realleges and incorporates by reference each of Paragraphs 1-7 above.

       9.     United States Patent No. 4,890,320, entitled "Television Broadcast System for Selective Transmission of Viewer-Chosen Programs at Viewer-Requested Times," was duly and legally issued by the United States Patent and Trademark Office on December 26, 1989 after full and fair examination. VTran is the assignee of all rights, title, and interest in and to the '320 patent, and possesses all rights of recovery under the '320 patent, including the right to sue for infringement and recover past damages.

      10.    Upon information and belief, Cox has infringed and continues to infringe one or more claims of the '320 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video-on-demand products and/or services.

11.    Upon information and belief, Cox has also contributed to the infringement of one or more claims of the '320 patent, and/or actively induced others to infringe one or more claims of the '320 patent, in this district and elsewhere in the United States.

12.    Defendant's aforesaid activities have been without authority and/or license from VTran.

13.    VTran is entitled to recover from the Defendant the damages sustained by VTran as a result of the Defendant's wrongful acts in an amount subject to proof at trial.

14.    Defendant's infringement of VTran's exclusive rights under the '320 patent will continue to damage VTran, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II – PATENT INFRINGEMENT OF THE '078 PATENT

15.    VTran realleges and incorporates by reference each of Paragraphs 1-14 above.

16.    United States Patent No. 4,995,078, entitled "Television Broadcast System for Selective Transmission of Viewer-Chosen Programs at Viewer-Requested Times," was duly and legally issued by the United States Patent and Trademark Office on February 19, 1991 after full and fair examination.  VTran is the assignee of all rights, title, and interest in and to the '078 patent, and possesses all rights of recovery under the '078 patent, including the right to sue for infringement and recover past damages.

17.    Upon information and belief, Cox has infringed and continues to infringe one or more claims of the '078 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video-on-demand products and/or services.

4

18.    Upon information and belief, Cox has also contributed to the infringement of one or more claims of the '078 patent, and/or actively induced others to infringe one or more claims of the '078 patent, in this district and elsewhere in the United States.

19.    Defendant's aforesaid activities have been without authority and/or license from VTran.

20.    VTran is entitled to recover from the Defendant the damages sustained by VTran as a result of the Defendant's wrongful acts in an amount subject to proof at trial.

21.    Defendant's infringement of VTran's exclusive rights under the '078 patent will continue to damage VTran, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.**JURY DEMAND**

22.    Plaintiff demands a trial by jury on all issues.

### PRAYER FOR RELIEF

Plaintiff VTran Media Technologies, LLC respectfully requests the following relief:

A.    An adjudication that the Defendant has infringed and continue to infringe claims of the '320 patent and the '078 patent;

B.    Declare that the Defendant induced infringement of the '320 patent and the '078 patent, in violation of 35 U.S.C. § 271(b);

C.    An award to VTran of damages adequate to compensate VTran for the Defendant's acts of infringement together with prejudgment interest;

D.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory  infringement, and (3) actively inducing infringement with respect to the claims of the '320 patent and the '078 patent; and

E.    Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: February 5, 2008

W. Lewis Garrison, Jr., Esq.
E-mail: wlgarrison@hgdlawfirm.com
GA Bar No: 286815
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203

OF COUNSEL:
John F. Ward, Esq.
E-mail: wardj@wardolivo.com
John W. Olivo, Jr., Esq.
E-mail: olivoj@wardolivo.com
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

**ATTORNEYS FOR PLAINTIFF
VTRAN MEDIA TECHNOLOGIES, INC.**